UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **APRIL NIETO,** ***on behalf of herself and all others similarly situated,*** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-CV-3067-B** |
| | § | |
| **CHRISTY VAN METER and ALL CARE PROFESSIONAL HEALTH INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is (1) an Amended Motion to Dismiss (Doc. 11) filed by Defendant All Care Professional Health, Inc. ("All Care"); and (2) an Amended Motion to Dismiss (Doc. 12) filed by Defendant Christy Van Meter. By their motions, each defendant seeks dismissal of Plaintiff April Nieto's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court **DENIES** All Care's motion and **GRANTS IN PART** and **DENIES IN PART** Van Meter's Motion. The Court, however, affords Nieto leave to amend her complaint within **FOURTEEN (14)** days of the date of this Order.

## I.

## BACKGROUND[1]

This is a collective action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA). Doc. 1, Compl., ¶¶ 2–3. Nieto alleges that she "was employed by Defendants as a licensed vocational nurse from July 13, 2019 through September 11, 2020." *Id.* ¶ 21. Nieto further claims that "throughout her employment with Defendants, [she] consistently worked more than forty hours per workweek" but was never paid overtime. *Id.* According to Nieto, Van Meter "is the owner and director of . . . All Care," and she "exercised managerial responsibilities and substantial control" over All Care's employees and the terms of their employment. *Id.* ¶¶ 8, 10. Nieto also alleges that Van Meter had the authority to "hire" and "fire" All Care employees; "supervise and control the[ir] employment relationships and work schedules"; "set and determine" their payment rate and method; and maintain employment records. *Id.* ¶ 10.

Nieto filed her complaint in this Court on October 7, 2020. *See generally* Doc. 1, Compl. Defendants timely filed their present motions to dismiss for failure to state a claim upon which relief can be granted, *see* Doc. 11, All Care's Mot.; Doc. 12, Van Meter's Mot., and Nieto timely responded to those motions. *See* Doc. 16, Pl.'s Resp. The time for Defendants to file replies in support of their motions has passed. Thus, the motions are now ripe for review.

---

[1] The Court draws the following factual account from Nieto's complaint (Doc. 1).

## II.

## LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 547 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

Both defendants assert that Nieto has not sufficiently alleged a claim under the FLSA because she has not alleged the amount of overtime due or any facts that support such a calculation. Doc. 11, All Care's Mot., ¶¶ 2, 11; Doc. 12, Van Meter's Mot., ¶ 2. Van Meter alternatively asserts that Nieto's claim should be dismissed because she has not alleged any facts supporting her individual claims against Van Meter. Doc. 12, Van Meter's Mot., ¶¶ 3, 16.

First, the Court addresses Defendants' argument that Nieto's complaint is insufficient for failing to allege the amount of overtime compensation she is due. The Court disagrees and finds that Nieto's complaint is sufficient in this regard. Second, the Court turns to Van Meter's alternative argument that Nieto's complaint is insufficient for failing to include enough facts establishing Van Meter's individual liability. The Court agrees with Van Meter and finds that Nieto's complaint asserts mere legal conclusions without providing factual support sufficient to sustain a claim against Van Meter. However, the Court affords Nieto leave to amend her complaint.

*A. Nieto's Complaint Is Not Insufficient For Failure to Allege Amount of Overtime Due.*

The Court first considers All Care and Van Meter's arguments that Nieto has failed to satisfy the pleading requirements for the alleged FLSA overtime violations because she offers no facts regarding the dates she worked overtime, the number of overtime hours she worked, and the amount of overtime compensation she is due. Doc. 11, All Care's Mot., ¶ 6; Doc. 12, Van Meter's Mot., ¶ 5. In response, Nieto insists that she pleaded sufficient facts to put Defendants on notice that they are being sued for overtime wage violations under the FLSA. Doc. 16, Pl.'s Resp., 6.

Nieto is correct. Though plaintiffs must make factual allegations that provide sufficient notice of the claim and explain the grounds upon which it rests, "detailed factual allegations . . . are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citations omitted). Significantly, "[t]o state a plausible claim for unpaid overtime under the FLSA," the plaintiff "is not obligated to allege specific details like the number of hours worked each week or the weeks during which [she] was underpaid." *Glover v. Quality Air Techs., Ltd.*, 2014 WL 2883893, at *2 (N.D. Tex. June 25, 2014) (citation omitted). Furthermore, "[a]n FLSA plaintiff is not . . . required to plead the precise amount of unpaid wages to which [she] is allegedly entitled." *Murphy v. Multi-Shot, LLC*, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) (citing *Solis v. Time Warner Cable San Antonio, L.P.*, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010)).

Taking Nieto's factual allegations regarding the overtime violations as true, the Court finds that Nieto has pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In her pleadings, Nieto has alleged that she "consistently worked more than forty hours per workweek" without being paid "time-and-one-half" throughout the fourteen-month period she worked for Defendants. Doc. 1, Compl., ¶¶ 21–23. These are all "factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief." *Hoffman*, 2009 WL 4825224, at *3 (citations omitted) (finding complaint sufficient where it alleged that the employees were non-exempt, worked over forty hours per workweek, and were not paid time-and-a-half for overtime hours); *see also, e.g.*, *Epperson v. Williams*, 2014 WL 12589124, at *2 (N.D. Tex. Mar. 13, 2014) (finding complaint offered sufficient facts in "giv[ing] [the] time of [the plaintiff's] employment" and "alleg[ing] that [the plaintiff] was not paid required overtime during weeks in

which he worked more than forty hours," even though the plaintiff did not enumerate specific instances of the violations).

Nieto's complaint presents similar allegations regarding overtime pay and is therefore sufficient to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation omitted). The allegations give All Care and Van Meter notice that "the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek." *Hoffman*, 2009 WL 4825224, at *3.

Though Defendants refer the Court to case law indicating FLSA plaintiffs *are* required to plead the amount of overtime compensation due, this standard is unavailing here because it is derived from the proof requirements for a summary-judgment motion. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citations omitted) (noting that, at the summary judgment stage, an FLSA plaintiff seeking overtime compensation must "first demonstrate by a preponderance of the evidence . . . the amount of overtime compensation due" (citations omitted)); *Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 735 (E.D. Tex. 2019) (erroneously applying *Johnson*'s summary-judgment proof requirements to motion-to-dismiss pleading requirements). Because the Court will not require Nieto to prove all the elements of her claim at the motion-to-dismiss stage, the cases cited by Defendants are inapposite.[2]

[2] The Fifth Circuit has recently mentioned the overtime-due requirement in considering a motion to dismiss, but it did not actually *apply* the requirement to the case. *See White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). Inexplicably, *White* states that a plaintiff bringing an overtime-pay claim must "plausibly allege: . . . the amount of overtime-pay due," yet it approves the district court's decision to deny the defendant's motion to dismiss on Rule 12(b)(6) grounds. *See id.* And indeed, the plaintiff in *White* had not pleaded the amount of overtime she was due. *See generally* Compl., *White v. U.S. Corr., L.L.C.*, No. 1:19-

Defendants make a collateral argument that Nieto's complaint is deficient because she has not specified "whether this unpaid overtime was for work performed as a licensed vocational nurse . . . or for work performed in the office as a scheduling assistant[.]" Doc. 11, All Care's Mot., ¶ 5; *see also* Doc. 12, Van Meter's Mot., ¶ 9 (raising same argument). However, Defendants have not offered any legal authority under which such specification is required, nor can the Court find any. Defendants suggest this distinction is relevant because Licensed Vocational Nurses and scheduling assistants are paid at different rates. *See* Doc. 11, All Care's Mot., ¶ 5; Doc. 12, Van Meter's Mot., ¶ 9. But as the Court has already explained, Nieto is not required to establish at this time the amount of overtime pay she is due.

In any event, Nieto has given Defendants notice as to which position she held during the alleged overtime violations because she states in her complaint that she was "employed by Defendants *as a licensed vocational nurse*" for the relevant time frame. Doc. 1, Compl., ¶ 21 (emphasis added). Defendants' argument thus falls flat.

In sum, Nieto's allegations give sufficient notice to the Defendants and state a plausible claim for relief. Accordingly, the Court **DENIES** All Care's motion and **DENIES IN PART** Van Meter's motion.

*B. Nieto's Complaint Pleads Insufficient Facts to Establish Individual Liability Under the FLSA.*

The Court next considers Van Meter's alternative argument that Nieto has failed to plead sufficient facts establishing individual liability. Doc. 12, Van Meter's Mot., ¶¶ 5, 16. Van Meter

---

cv-0390-LY (W.D. Tex. Apr. 5, 2019), ECF No. 1. In fact, the plaintiff's allegations in *White* were similar to Nieto's allegations here. *Id.* at ¶¶ 22, 24 (alleging that plaintiff "regularly worked in excess of forty hour[s] per week" and the "[d]efendants did not pay [her] overtime").

contends that Nieto does not allege facts to support her claims against Van Meter in her individual capacity, and thus fails to provide Van Meter with requisite notice of the claim. *Id.* ¶¶ 14–15. Nieto responds that she alleged that Van Meter was her employer and that Van Meter "exercised managerial responsibilities and substantial control" over All Care's employees. Doc 16, Pl.'s Resp., 7 (citing Doc. 1, Compl., ¶ 10). Additionally, Nieto argues that she alleged sufficient facts to demonstrate that Van Meter is an employer under the "economic reality" test. *Id.* at 6–8.

In order "[t]o be bound by the requirements of the [FLSA], one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206–07). Under the FLSA, the term "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991) (quoting 29 U.S.C. § 203(d)). The Supreme Court has determined that the FLSA's definition of "employer" is to be interpreted expansively. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Thus, "[t]he term employer includes individuals with managerial responsibilities and substantial control over the terms and conditions of the [employee's] work." *Lee*, 937 F.2d at 226 (quotation marks omitted) (citing *Falk*, 414 U.S. at 195).

The Fifth Circuit uses the "economic reality" test to evaluate whether an individual or entity possesses such operational control as to make them an employer. *Gray v. Powers*, 673 F.3d 352, 354, 357 (5th Cir. 2012). In applying this test, courts are to consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (citation omitted). "While each element need not be present in every case," the individual must at least have control over certain aspects of the

employment relationship. *Id.* at 357. Moreover, "[i]n cases where there may be more than one employer, th[e] court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Id.* at 355 (quoting *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990)). The plaintiff's allegations also cannot recite the elements of the economic reality test as "mere conclusions of [the defendant's] employer status" without providing facts in support. *See Perkins v. Total Bldg. Maint., Inc.*, 2015 WL 1609193, at *5 (N.D. Tex. Apr. 7, 2015).

After review of Nieto's allegations specifically relating to Van Meter, the Court finds they are insufficient to support an inference that Van Meter qualifies as an employer under the FLSA. Nieto's allegations simply recite the elements of the economic reality test without providing any examples or factual allegations in support. *See* Doc. 1, Compl., ¶¶ 8–10. Moreover, Nieto's assertions are nearly identical to cases in which courts in the Fifth Circuit have held that the plaintiff did not plead sufficient facts showing a person or entity was an employer. *See Barnes v. Gracia Mexican Kitchen, LLC*, 2018 WL 7681051, at *2–3 (S.D. Tex. Dec. 4, 2018) (finding that plaintiff's allegations that the defendant was a "Managing Member[]" of the company and "ha[d] the power to hire and fire Plaintiffs . . .; supervise and control Plaintiffs and . . . [their] work schedules and conditions of . . . employment; determine their rate and method of payment; and[] maintain their employment records" were insufficient), *adopted by* 2019 WL 1255273 (S.D. Tex. Mar. 18, 2019); *Carranza v. Cirlos*, 2019 WL 10734064, at *2 (S.D. Tex., May 29, 2019) (holding that plaintiff's recitation of the economic reality test was "conclusory" and "devoid of any specific, supporting facts to show that [the defendant] had operating control as an 'employer'"). Accordingly, the Court finds that Nieto has not alleged sufficient facts to demonstrate that Van Meter is individually liable as an employer.

To support her claims, Nieto cites multiple cases in which complaints containing similar allegations of employer status were held sufficient to state a claim. *See* Doc. 16, Pl.'s Resp., 8 n.3. However, the Court notes that each of those cases are non-binding and finds Nieto's use of them unpersuasive. All three cases derive support from cases that do not apply the Fifth Circuit's economic reality test. *See Kidwell v. Digit. Intel. Sys., LLC*, 2014 WL 4722706, at *3 (N.D. Tex. Sept. 22, 2014) (citing *Hoffman*, 2009 WL 4825224, at *3); *Robinson v. Assured Quality Care Servs., LLC*, 2013 WL 6229537, at *2 (N.D. Tex. Dec. 2, 2013) (citing *Hoffman*, 2009 WL 4825224, at *3); *Rodriguez v. Gold & Silver Buyers, Inc.*, 2013 WL 5372529, at *3 (S.D. Tex. Sept. 24, 2013) (citing *Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258, 260 (W.D. Tex. 2007).

In sum, Nieto has not alleged sufficient facts to state a claim against Van Meter as an individual. Accordingly, Van Meter's motion is **GRANTED IN PART** as it relates to her individual liability.

C. *The Court Grants Nieto Leave to Amend Her Pleadings.*

Given that this is the Court's first opportunity to assess the sufficiency of Nieto's allegations, the Court decides that it is appropriate to provide Nieto one chance to amend her complaint in light of the deficiencies noted in this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Nieto may amend her complaint to provide factual support for her conclusory assertions regarding Van Meter's status as an employer. Any such amended complaint must be filed within **FOURTEEN (14)** days of the date of this Order.

**IV.**

**CONCLUSION**

For the reasons stated above, All Care's motion to dismiss (Doc. 11) is **DENIED** and Van Meter's motion to dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court grants Nieto leave to amend her complaint. Nieto's amended complaint must be filed within **FOURTEEN (14)** days of the date of this Order.

**SO ORDERED.**

**SIGNED: June 22, 2021.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**