UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APRIL NIETO, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CA NO. 3:20-cv-3067-B |
| | § | |
| ALL CARE PROFESSIONAL | § | |
| HOME HEALTH, INC. AND | § | |
| CHRISTY VAN METER, | § | |
| INDIVIDUALLY, | § | |
| | | |
| DEFENDANTS | | |

<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Plaintiff April Nieto brings this Fair Labor Standards Act ("FLSA") suit against All Care Professional Home Health, Inc. and Christy Van Meter, Individually, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. All Care Professional Home Health, Inc. and Christy Van Meter ("Defendants") have violated the FLSA by failing to pay overtime premiums to its licensed vocational nurses.

## II. PARTIES

3. April Nieto is an individual residing in this judicial district. At all relevant times, Nieto was an "employee" of Defendants as defined by the FLSA. At all relevant times, Defendants were Nieto's "employer" as defined by the FLSA.

4. Nieto is a licensed vocational nurse who was paid on a per visit basis and who weas not paid overtime premiums for any hours worked over forty in a workweek.

5. Defendant All Care Professional Home Health, Inc. is a domestic corporation formed and existing under the laws of the State of Texas.

6. Defendant All Care Professional Home Health, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

7. Defendant Christy Van Meter is the owner and director of Defendant All Care Professional Home Health, Inc.

8. Defendant Christy Van Meter was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

9. At all times hereinafter mentioned, Christy Van Meter exercised managerial responsibilities and substantial control over All Care Professional Home Health, Inc.'s employees, including Nieto, and the terms and conditions of their employment. Christy Van Meter had the authority to: hire, fire and direct All Care Professional Home Health, Inc.'s employees, including Nieto; supervise and control the employment relationships and work schedules of All Care Professional Home Health, Inc.'s employees, including Nieto; set and determine the rate and method of pay of All Care Professional Home Health, Inc.'s employees, including Nieto; and decide whether Nieto

received overtime compensation. Christy Van Meter also kept and maintained employment records for all employees of All Care Professional Home Health, Inc., including Nieto.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

11. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

12. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this judicial district. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

14. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Plaintiff handled and otherwise worked with equipment, such as telephones, computers, medical supplies and medical equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

18. At all times hereinafter mentioned, Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

19. Defendants operate a home health care company, providing patients with nursing care in their homes.  Defendants employ licensed vocational nurses, among other employees, to provide this care to their patients.

20. Plaintiff was employed by Defendants as a licensed vocational nurse from July 13, 2019 through September 11, 2020.  Throughout her employment with Defendants, Plaintiff consistently worked more than forty hours per workweek.  Plaintiff never received overtime premiums for any hours worked over forty per workweek.

21. Defendants regularly refused to pay Plaintiff overtime premiums for any hours worked over forty per workweek.

22. Although she consistently worked very long hours, well over forty hours per week, Plaintiff was not properly compensated for her overtime hours. Defendants required Plaintiff to work the long hours described above, and thus knew that Plaintiff regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate Plaintiff at a rate that is not less than time-and-one-half her regular rate of pay for all hours worked in excess of 40 in a workweek.

23. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Plaintiff overtime premiums for all hours worked over forty per workweek.

24. Christy Van Meter was the individual that hired Plaintiff. During her employment, Plaintiff personally became aware that Ms. Van Meter fired a number of nurses employed by Defendant. Christy Van Meter set Plaintiff's rate of pay, paying her $35 per visit as opposed to a salary. Christy Van Meter verbally reprimanded Plaintiff on several occasions, and threatened to dock Plaintiff's pay and take patients away from Plaintiff if she did not comply with a request by Ms. Van Meter's mother to modify Plaintiff's nurses' notes. Christy Van Meter controlled Plaintiff's benefits: Ms. Van Meter told Plaintiff that she would give her benefits after 90 days of employment as long as she was seeing 30 patients per week. Christy Van Meter controlled the patient schedule and controlled the number of patients Plaintiff was assigned. Whenever Plaintiff would ask for more patients, she would address these requests to Ms. Van Meter. As Ms. Van Meter controlled the number of patients assigned to Plaintiff, she controlled Plaintiff's income, as Plaintiff was paid on a per visit basis. Christy Van Meter also controlled when Plaintiff was allowed to speak with

patients that were assigned to her, specifically directing Plaintiff to wait until after 8:00 p.m. every day, which was the time when Ms. Van Meter was finished building the schedule.

## VI. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with applicable law.

26. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Plaintiff.

## VII. PRAYER FOR RELIEF

Plaintiff prays that upon trial of this cause, judgment be granted against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiff attorneys' fees;

      d.      For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

      e.      For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

      f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
700 West Summit Dr.
Wimberley, Texas 78676
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Amended Complaint has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on June 29, 2021.

/s/ Douglas B. Welmaker
Douglas B. Welmaker